UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-608-EHJ

VIRGIL L. HAWTHORNE

PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Virgil Hawthorne ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the matter should be remanded for further proceedings.

PROCEDURAL HISTORY

On April 26, 2004, Claimant filed application for Disability Insurance Benefits, alleging that he became disabled as of March 20, 2004.[1] After a hearing, Administrative Law Judge Roland Mather ("ALJ") determined that plaintiff's degenerative disc and joint disease, history of seizures, carpal tunnel syndrome and depression were severe impairments that prevented his performing any of his past relevant work. The ALJ further found that claimant retained the residual functional capacity for performance of a significant number of jobs. This became the final decision of the defendant Commissioner when the Appeals Council denied review on October 5, 2006.

---

[1] This date of onset is one day after the date of denial of his previous application for benefits.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in concluding that the assistance of a medical advisor was unnecessary to assist him in evaluating the combined impact of plaintiff's impairments.   The Commissioner correctly points out that responsibility for determining disability rests with the ALJ. The division of responsibility is as follows: Medical sources establish the existence of impairments and describe the types of functional limitations that result (or may result) therefrom; the claimant describes the ways in which these limitations affect ability to do things on a daily basis; the ALJ considers all of this evidence and makes factual findings regarding the specifics of the claimant's functional limitation; based on questions positing an individual with the skills and limitations so determined, the vocational expert provides information regarding ability to perform previous work and ability to perform other jobs that exist in the economy.   Based on all of this, the ALJ then determines whether the claimant is able to perform any substantial gainful employment.

2

Thus, the appropriate question is not whether a medical advisor has opined concerning the combined effects of the plaintiff's impairments, but rather whether *the ALJ* has considered the effects of all of the impairments.   In this case, there is nothing to suggest that he did not do so.   The ALJ's discussion addressed all of the alleged and established impairments and the vocational questioning  incorporated all limitations that the ALJ found to flow from those impairments.  There was no error in failing to summon a medical expert to testify regarding the combined effect of the impairments.

It is possible that plaintiff is alleging error at Stage Three of the sequential analysis, i.e., the so-called "Listings" stage.   If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).  Listing 12.04 applies to affective disorders, and requires a showing of marked limitation in at least *two* of the following categories: activities of daily living; maintaining social functioning; maintaining concentration, persistence, or pace; repeated episodes of decompensation.  In support of his argument, plaintiff points to the October 19, 2005 report of Dr. Hammerback, a treating physician, which identified extreme limitations in a number of areas.  Tr. 550-551.  Thus, it is also possible that the nature of Mr. Hawthorne's argument is not Stage Three error, but rather the error of failure to accord the appropriate weight to the opinion of the treating physician.  Whichever may be the legal argument, the same parts of the record apply to the analysis.

Dr. Hammerback is Mr. Hawthorne's long time treating physician.   The record includes her notes of regular treatment from February of 2003 through the date of the hearing.  Tr. 295-300, 308-

3

312, 427-440, 550-556. In <u>Wilson v. Commissioner</u>, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. <u>Wilson</u> also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., <u>Walker v. Secretary of Health & Human Servs</u>., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to more weight if Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given controlling weight unless supported by clinical or diagnostic findings. See <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 530 (6th Cir.1997); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347 (6th Cir.1993); <u>Kirk v. Heckler</u>, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. <u>Rogers v. Commissioner of Social Security</u>, 486 F.3d 234, 242 (6th Cir. 2007).

The ALJ mentioned Dr. Hammerback's treatment in connection with depression. Tr. 21. At Tr. 24, the ALJ stated, "I acknowledge that a ... report [prior to the consulting psychologist's exam] from the Wellstone Hospital suggests that the claimant has essentially no useful ability to function...." The ALJ did not indicate that he perceived the report to be that of Dr. Hammerback.

In explaining his reasons for giving it little weight, the ALJ noted that the report was "unsupported by objective medical findings," Tr. 24, thus further reinforcing the impression that the ALJ did not read Dr. Hammerback's notes (or those of specialists who reported to her) in conjunction with the report.  In fact, Dr. Hammerback's notes recorded several seizure events in April and May of 2005 (2 grand mal, two less severe), while he was on seizure medication.  Tr. 554, 556.  This is consistent with Dr. Alt's February 2, 2005 assessment of "Generalized seizures.... apparently having some breakthrough episodes."  Tr. 568.  It is also consistent with Dr. Bangash's August 3, 2005 note that the seizures were "most probably part of spectrum of epilepsy.  He has had a few complex partial seizures."  Tr. 571.

In short, it appears likely that in failing to perceive the author of the October 2005 report, the ALJ was not in position to note the medical record support for the opinion, and was not cognizant either of the need to apply the "treating physician" analysis, or of the possibility that the possible dementia and seizure disorder might bear on the Stage Three analysis.  Remand is necessary to remedy these problems.

An order in conformity has this day entered.